(5 Misc. Rep. 375.)

In re CANCELLATION FROM REGISTRY LISTS.

In re GAGE et al.

(Supreme Court, Special Term, Onondaga County.    October, 1893.)

ELECTIONS—RIGHT OF WOMEN TO VOTE—CONSTITUTIONAL LAW.
    Const. art. 10, § 2, provides that "officers whose offices may hereafter be created by law shall be elected by the people." Article 2, § 1, relating to the qualifications of electors, applies only to male citizens.    Held, that Laws 1892, c. 214, authorizing women to vote for school commissioners, is unconstitutional, since the office of school commissioner is one created after the adoption of the constitution.

Application to compel the board of registry to strike the names of Matilda J. Gage, Julia McKenzie, and Inez Seelye from the registry lists.

W. P. Goodelle and John E. Brandegee, for the motion.
G. S. Jenney and W. S. Jenney, opposed.

WILLIAMS, J.    The statute of 1892 clearly provided that women might vote in the various school commissioner districts of the state for the office of school commissioner.    Under that act a large number of women have registered in the counties of Onondaga and Oneida.    Two applications are presented,—one from the county of Onondaga, and the other from the county of Oneida,—with a view

of determining whether women may vote for this office. It is provided by section 2 of article 10 of the constitution:

"All county officers whose election or appointment is not provided for by this constitution, shall be elected by the electors of the respective counties, or appointed by the board of supervisors, or other county authorities as the legislature shall direct. All city, town and village officers whose election or appointment is not provided for by this constitution, shall be elected by the electors of such cities, towns or villages, or of some division thereof, or appointed by such authorities thereof as the legislature shall designate for that purpose. All other officers whose election or appointment is not provided for by this constitution, and all officers whose offices may hereafter be created by law, shall be elected by the people, or appointed, as the legislature may direct."

This office of school commissioner is not an office provided for by the constitution, nor was it an office in existence at the time the constitution was adopted. It is therefore an office created by law after the adoption of the constitution, and by terms of this provision such officer may be elected by the people or appointed, as the legislature should direct. The statute creating the office of school commissioner, passed in 1856, and the statute passed in 1864 continuing such office, leave no doubt but that the office was made by the legislature one whose incumbent should be elected by the people, and not appointed by any authority. By section 3, tit. 2, c. 555, Laws 1864, it is provided:

"The school commissioner for such school commissioner district shall be elected by the electors thereof, by separate ballot at the general election in 1866, and triennially thereafter. The laws regulating the election of, and canvassing the votes for, county officers shall apply to such elections."

And so in the act of 1892, c. 214, authorizing women to vote for this office, it is provided:

"All persons, without regard to sex, who are eligible to the office of school commissioner, and have the other qualifications now required by law, shall have the right to vote for school commissioners in the various commissioner districts of the state."

And then the act further provides for ballots to be furnished and used by women in voting for this office, etc. In view of these and other provisions of the statute with reference to the office of school commissioner, it must be conceded that the legislature has made this office one to be filled by election, and not by appointment. It is provided by section 1 of article 2 of the constitution:

"Every male citizen of the age of twenty-one years who shall have been a citizen for ten days, and an inhabitant of this state one year next preceding an election, and for the last four months a resident of the county and for the last thirty days a resident of the election district in which he may offer his vote, shall be entitled to vote at such election in the election district at which he shall at the time be a resident, and not elsewhere, for all officers that now are or hereafter may be elective by the people, and upon all questions which may be submitted to the vote of the people," etc.

It is well settled that this provision has the effect to exclude all persons who are not males from the right to vote for the officers referred to in the provision, and the legislature has no power to pass any act authorizing females to vote for any of such officers. We are brought, therefore, to this conclusion: The office of school

commissioner having been made elective by the people, no person can vote for an incumbent of the office who is not authorized under this latter provision of the constitution to vote, and only male persons are so authorized to vote. The only escape from this conclusion must be found in the claim made in behalf of these women that the office of school commissioner is not covered by the latter provision of article 10, § 2, of the constitution:

"All officers whose offices may hereafter be created by law shall be elected by the people, or appointed, as the legislature may direct."

It seems to me that such claim is untenable, and without support in reason or authority. No attempt is here made to cite any authorities, or analyze the same. Considerable time was taken in the argument, and the authorities were thoroughly examined and considered by counsel and the court at the time they were cited and referred to. Counsel are fully aware of the views entertained by the court with reference thereto, and they need not be stated at length here. My conclusion is that there can be no reasonable doubt but that the act of 1892, authorizing women to vote for the office of school commissioner, was and is a violation of the constitutional provisions hereinbefore referred to, and that women are not entitled to vote for the office of school commissioner. The application should therefore be granted. Formal orders may be prepared by counsel and submitted for signature. Application granted.